ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. TABB. (No. 1269.)

(Court of Civil Appeals of Texas. Texarkana. May 28, 1914.)

1. RAILROADS (§ 441*)—INJURIES TO ANIMALS —BURDEN OF PROOF.

One suing a railroad company for injuries to an animal alleged to have been struck by a train after escaping onto the right of way through a defective fence has the burden of proving that the animal was struck by a train.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1575–1595; Dec. Dig. § 441.*]

2. RAILROADS (§ 443*)—INJURIES TO ANIMALS —EVIDENCE.

In an action against a railroad company for injuries to an animal alleged to have escaped onto the right of way through a defective fence, evidence *held* not to justify a finding that the animal was struck by a train.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608–1620; Dec. Dig. § 443.*]

Appeal from Titus County Court; Sam Porter, Judge.

Action by G. W. Tabb against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and rendered for defendant.

J. M. Burford, of Mt. Pleasant, E. B. Perkins, of Dallas, and Glass, Estes, King & Burford, of Texarkana, for appellant. Rolston & Rolston, of Mt. Pleasant, for appellee.

HODGES, J. The appellee recovered a judgment in the court below for the value of a mule which it is alleged was struck and injured by one of the appellant's trains.

[1, 2] The testimony shows that the appellant's right of way runs through a tract of land owned by the appellee; that the fence inclosing the right of way at this point was out of repair and insufficient to turn stock. It is conceded that it devolved upon the appellee to prove that the animal was actually struck by the locomotive or train. The appellee testified that he turned his mule into the pasture adjoining the appellant's right of way on Saturday evening. The next morning he found it a few yards distant from the appellant's track, and near a bridge or trestle, in an injured condition. There were some abrasions and skinned places on the mule's legs, and it seemed to be weak in the loins. He further stated that about 100 or 150 yards south of the trestle he saw tracks indicating that the animal had gone upon the roadbed. There is nothing to indicate whether the mule crossed over and again entered upon the roadbed at a point nearer the bridge or trestle. He also stated that he saw hair on the cross-ties on the trestle. Another witness testified for the appellee that he saw hair on the edge of the cross-ties indicating that this mule had passed over them. He further stated that there was a depression in the ground under the edge of the bridge, showing that an animal had fallen off. There were no marks or evidences on the body of the mule to indicate that it had been struck by the locomotive.

The case was orally argued, and the theory advanced by counsel for appellee that the mule had been caught on the pilot of the engine at the point where his tracks were discovered 100 or 150 yards south of the trestle, and was carried to the latter place and thrown off. There is no evidence tending to show that this was practicable. If this court is permitted to take judicial notice of the form according to which engine pilots are usually constructed, it would be difficult to say that this could be done. If the train upon that occasion were going at a rate of speed sufficient to take up and hold on the pilot an animal of that character for that distance, the collision would have been so violent as to cause the death of the animal, or to leave sufficient marks to show that it had been struck. The fact that the signs indicated that the mule, in falling from the bridge, struck the ground directly under its edge tends to negative the fact that it was thrown off by force of a collision with the train. It did not devolve upon the defendant below to account for the injury; that burden rested upon the appellee.

The evidence, we think, is insufficient to sustain a recovery, and the judgment is therefore reversed and here rendered for the appellant, together with all costs both of this court and of the court below.